CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 29, 2024
LAURA A. AUSTIN, CLERK
BY:
/s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD ANTHONY POMENTA, ) | |
|     Plaintiff, ) | Civil Action No. 7:24cv00199 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| CLAY CORBIN, et al., ) | By:  Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Richard Anthony Pomenta, a Virginia inmate proceeding *pro se*, has filed a civil rights action against the defendants pursuant to 42 U.S.C. § 1983. The matter is currently before the court on two motions for preliminary injunction (ECF Nos. 8 and 14) filed by Pomenta. For the reasons stated below, these motions will be denied.

## I.  Background

In his § 1983 Amended Complaint, Pomenta raises the following claims: (1) Racial discrimination and threatening words by Lt. Taylor trying to intimidate Pomenta from filing a grievance; (2) degrading racial comments by the defendants, along with procedural irregularities and failure to address the discrimination in responding to his grievances, and multiple failures to provide him grievance forms (including grievance appeal forms) and § 1983 forms; (3) Lt. Taylor took Pomenta to Capt. Parker's office, where there were no video cameras, and made intimidating statements about his lawsuit, suggesting that he drop the suit; and (4) defendant Dimmigo was given Pomenta's Prisoner Trust Account form to be delivered to the account officer, defendant Magaw, who said she never received the form; Pomenta alleges that one of them is lying and that his form was intentionally "lost" to interfere with his lawsuit; he filed a grievance and submitted another Trust Account form (without the case name and number that had been on the first form), which was apparently completed without incident.

In his first motion, Pomenta asks the court to order the Northwestern Regional Adult Detention Center (NRADC) to provide requested grievance forms and § 1983 forms to him or any other inmate upon request. ECF No. 8 at 3. He also asks that all requests for § 1983 forms be documented. *Id.* Finally, he asks that NRADC be ordered to implement a procedure to be used whenever an inmate must turn over a document for photocopying or mailing, documenting the names of inmate and officer, time and date of request, and description of item turned over and of action requested, such documentation to be signed by both parties, and to be signed again by both parties upon completion. This procedure is purportedly designed to reduce the incidents of "lost" documents and mail. *Id.* at 3-4.

His second motion, mailed on the same date as the first, asks the court to enter an order "to stop violating my rights" and the rights of others at NRADC by losing or trashing legal papers being transported to or from inmates and various departments in the jail. ECF No. 14 at ¶ 1. He further asks the court to order placement of separately keyed lock boxes in all housing units, labeled for each department, including mail, that can be opened only by a designated person in that department in the performance of his or her duties. *Id.* at ¶ 2. He asks the court to order a logbook in the mailroom, in which each piece of incoming mail is entered by addressee name and the inmate then signs for the mail. *Id.* ¶ 3. He repeats portions of his request for handling of forms delivered from an inmate to a department in the jail, and finally he asks that NRADC be ordered to comply with VDOC policies and procedures. *Id.* at ¶¶ 4–5.

## II. Discussion

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that (1) he is likely to succeed on the

merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The remedy may be granted only on a clear showing of entitlement to relief. *Id.* at 22.

The first problem with Pomenta's motions is that he seeks relief against NRADC, an entity that is not a defendant in this suit. The court has no jurisdiction over NRADC and therefore, cannot issue a binding order to that entity. *See* FED. R. CIV. P. 65(d)(2) (explaining who may be bound by an injunction).

Next, Pomento has failed to make the "clear showing" that he is likely to succeed on the merits of his claim at trial, as required by *Winter*. Inmates do not have a constitutionally protected right to a grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). A prison official's failure to comply with the state's grievance procedure is not actionable under § 1983. *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000). Because state grievance procedures are different from state and federal court procedures, failure to comply with state grievance procedures does not prevent an inmate's First Amendment right of access to the courts. *Id.*

To the extent Pomenta alleges that denial of grievance forms prevents him from exhausting his remedies (ECF No. 8 at 2), as required before he can pursue his claims in court, the requirement is that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Courts have recognized that interference with an inmate's use of proper procedures renders those procedures unavailable. *Ross v. Blake*, 578 U.S. 632, 644 (2016).

Nor is Pomenta likely to succeed on his claim of denial of access to the court. An essential element of such a claim is that a plaintiff has suffered an actual impairment in his access to the court. *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993). When jail officials did not provide § 1983 forms to Pomenta, he obtained the form from the Clerk of Court. Am. Compl., ECF No. 24 at 11. Even without a form, an inmate can write his claim on regular paper and file it with the court. To succeed on this claim, a prisoner must show that a defendant's conduct "interfered with his entitlement (access to the courts) rather than with a mere instrument for vindicating an entitlement," (in this case, access to a form). *Strickler*, 989 F.2d at 1385 (citation omitted).

Not only is Pomenta unlikely to prevail on the merits of these particular claims, he also does not show likelihood of irreparable injury. Unavailability of grievance procedures does not prevent his access to the courts, and neither does lack of a form.

The court need not discuss the remaining *Winter* factors. Pomenta has failed to establish his entitlement to the extraordinary relief of a preliminary injunction.

### III. Conclusion

For the reasons stated, Pomenta's Motions for Preliminary Injunction (ECF Nos. 8 and 14) are **DENIED**.

The Clerk shall send a copy of this opinion and order to the plaintiff.

Enter: November 27, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge